UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FITZGERALD AUSTIN,

       Plaintiff,                               No. 14-12610

v.                                         District Judge Paul D. Borman
                                           Magistrate Judge R. Steven Whalen

PAMELA THOMPSON, ET AL.,

       Defendants.
                                      /

## **REPORT AND RECOMMENDATION**

On July 2, 2014, Plaintiff Charles Fitzgerald Austin filed a *pro se* civil complaint [Doc. #1], naming three Defendants: former Assistant United States Attorney ("AUSA") Pamela Thompson, Assistant Wayne County Prosecutor ("APA") Robert Donaldson, and James Blevins, an investigator with the Wayne County Prosecutor's Office. Before the Court are Defendant Thompson's Motion to Dismiss [Doc. #12], and Defendants Donaldson and Blevins' Motion to Dismiss [Doc. #22], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both motions be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

### I.   FACTS

The Plaintiff's handwritten complaint is a bit difficult to read, in terms of both legibility and comprehensibility. It appears that he was the subject of a criminal prosecution in Redford Township, Michigan, and that an Officer Riley was the arresting officer who wrote a police report and testified at a preliminary examination. Believing that Officer Riley lied, Plaintiff contacted AUSA Thompson regarding the possibility of

-1-

bringing criminal charges against Riley. Plaintiff alleges that AUSA Thompson at first told him that she would conduct "a full investigation," and would read the preliminary examination transcript and review a Redford Township Police Department video. However, she ultimately declined to do so. Plaintiff alleges that the Redford Township Police Department told him that AUSA Thompson was "on their side," and that she would not bring charges against Officer Riley. He alleges that AUSA Thompson "used her power in office for the wrong reason."

Plaintiff claims that Defendant Robert Donaldson, as Assistant Wayne County Prosecutor, and Defendant James Bevins, an investigator, likewise told him that they would investigate his assertion that Officer Riley lied, but ultimately declined to do so. He alleges that Bevins told him he would not conduct any investigation after he (Bevins) talked to Donaldson.

In section VI of the cover sheet of his complaint, the Plaintiff succinctly states, "US Attorney and Wayne County Prosecutor failed to do a full investigation which Officer Riley lied under oath in the preliminary examination."

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to

relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

### III.  DISCUSSION

The Plaintiff has not stated a plausible federal cause of action. His complaint centers on AUSA Thompson's, APA Donaldson's, and investigator Blevins' decision not to investigate his allegation that Officer Riley lied at the preliminary examination, or to initiate criminal charges against Officer Riley.

A private citizen has no constitutionally recognized right to have a prosecutor, or an investigator employed by a prosecutor's office, investigate a case or initiate a prosecution. *See Doe v. Mayor and City Council of Pocomoke City,* 745 F.Supp. 1137, 1138 (D.Md.1990)(there is no "constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime."). *See also Walker v. Schmoke,* 962 F.Supp. 732, 733 (D.Md.1997) ("[N]o federal appellate court, including the Supreme Court ... has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence"); *Fulson v. City of Columbus,* 801 F.Supp. 1, 6 (S.D.Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act"); *Peterson v. County of Monroe*, 2015 WL 1439882, *4 (E.D.Mich. 2015)("[I]t is well settled that the Constitution does not impose an affirmative obligation on the state to investigate any kind of suspected wrong-doing")(citing *Fulson*). In *White v. City of Toledo*, 217 F.Supp.2d 838, 842 (N.D.Ohio 2002), the court explained:

> "This doctrine is the logical consequence of the Supreme Court's ruling in *DeShaney v. Winnebago County Dep't of Social Servs.,* 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), that 'nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors.' Just as the state in that case had no constitutional duty to protect a child whose mother claimed was being abused by its father, the officers and City in this case had no constitutional duty to conform their investigation to the dictates or desires of the plaintiffs."

In addition, Defendants Thompson and Donaldson are protected by absolute prosecutorial immunity because their alleged conduct was "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Protected prosecutorial conduct includes action taken

in conjunction with decisions whether or not to prosecute. *See Burns v. Reed,* 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Siano v. Justices of Massachusetts,* 698 F.2d 52 (1st Cir.1983); *Meade v. Grubbs,* 841 F.2d 1512 (10th Cir.1988).

### IV.    CONCLUSION

I therefore recommend that Defendant Thompson's Motion to Dismiss [Doc. #12], and Defendants Donaldson and Blevins' Motion to Dismiss [Doc. #22] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof, including weekends and intervening holidays, as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, including weekends and intervening holidays, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

    /s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: August 11, 2015

## Certificate of Service

I certify that a copy of this document was served upon parties of record via electronic or postal mail.

/s/H. Monda in the absence of C. Ciesla
CASE MANAGER