UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FITZGERALD AUSTIN,

        Plaintiff,                                   Case No. 14-12610

                                               Paul D. Borman
v.                                                United States District Judge

                                               R. Steven Whalen
PAMELA THOMPSON, et al.,           United States Magistrate
                                               Judge

        Defendants.
_____/

ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE
R. STEVEN WHALEN'S AUGUST 11, 2015 REPORT AND RECOMMENDATION
(ECF NO. 26), GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 12, 22)
AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE

      Before the Court are Plaintiff's Objections to Magistrate Judge R. Steven Whalen's August 11, 2015 Report and Recommendation to Grant Defendants' Motions to Dismiss and to Dismiss Plaintiff's Complaint with Prejudice. (ECF No. 26, Report and Recommendation.) This Court reviews *de novo* the portions of a report and recommendation to which specific objections have been filed. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court OVERRULES the Objections, ADOPTS the Report and Recommendation, GRANTS Defendants' Motions to Dismiss and DISMISSES Plaintiff's Complaint with Prejudice.

1

## I. BACKGROUND

The Magistrate Judge adequately summarized the background of this case in his August 11, 2015 Report and Recommendation and the Court adopts that summary here. (ECF No. 26, Report and Recommendation 1-2.)

## II. STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections must be timely to be considered. A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir. 1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific

objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509. Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

**III.    ANALYSIS**

Plaintiff's Objections urge this Court to "give [him] an opportunity to prove [his] case in court," but fail to identify specific portions of Magistrate Judge Whalen's Report and Recommendation with which Plaintiff disagrees. Plaintiff's Objections do not point to error in (indeed do not even acknowledge) the Magistrate Judge's conclusions that Defendants are entitled to dismissal of this action on at least two independent bases: (1) private citizens cannot compel criminal investigations and Defendants were under no affirmative duty to investigate Plaintiff's claims, and (2) each Defendant was protected by absolute prosecutorial immunity. Plaintiff's Objections do nothing more than repeat his allegations, reiterate his "evidence," and disagree, "without explaining the source of the error," with the Magistrate Judge's ultimate determination that Defendants' motions to dismiss should be granted and Plaintiff's Complaint dismissed. Such general statements of disagreement with the result reached by the Magistrate Judge fail to give this Court sufficient direction to enable the Court to focus on the particular issues in contention and are not valid objections.

## IV.     CONCLUSION

Accordingly, the Court OVERRULES Plaintiff's Objections (ECF No. 27), ADOPTS the Report and Recommendation (ECF No. 26), GRANTS Defendants' Motions to Dismiss (ECF Nos. 12, 22) and DISMISSES Plaintiff's Complaint WITH PREJUDICE.

IT IS SO ORDERED.

                                            s/Paul D. Borman  
                                            PAUL D. BORMAN  
                                            UNITED STATES DISTRICT JUDGE

Dated:  January 11, 2016

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2016.

                                            s/Deborah Tofil  
                                            Case Manager